Daniel **HEMPHILL**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 678S113.

Supreme Court of Indiana.

April 18, 1979.

Terry C. Gray, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of second degree murder and sentenced to a term of life imprisonment.

The evidence most favorable to the State indicates that on January 18, 1977, in Gary, Indiana, Ron Deboe and John Muhlberger were working in Wally's Food Store, owned by Muhlberger. Shortly after midnight, three persons entered the store. One of the three, appellant Daniel Hemphill, had been in the store numerous times. Muhlberger ordered Hemphill to leave the store. After Hemphill left Muhlberger told the other two customers that he had thrown Hemphill out of the store because he was a thief. At this, Hemphill again appeared at the door and challenged Muhlberger's accusation. When Muhlberger repeated his statement that Hemphill was a thief, Hemphill said, "Man, I'm going to get you in a dark alley and waste you." Muhlberger then grabbed a billiard cue to chase Hemphill away from the store. Muhlberger followed Hemphill for a short distance down the street, but then turned around and started back to the store. At that point Hemphill appeared from the side of a nearby building with a handgun and was seen firing five rapid shots. Muhlberger was struck in the back and fell to the ground. Muhlberger later died from the bullet wound.

▇ Appellant first argues on appeal that the trial court committed reversible error in overruling his second motion for a continuance. In his first request for a continuance, he had represented to the trial court that a particular witness allegedly vital to his case could be located in 30 days. That motion was granted. His second motion was a request for as much time as possible, again for the purpose of locating this witness. Neither motion complies with IC § 35–1–26–1 [Burns 1979], to any substantial degree. The materiality of the evidence is not shown; no statement is made that due diligence has been used in attempting to locate the missing witness; and the motions are not accompanied by affidavit. Hence, we must adjudge the propriety of the trial court's denial of the second motion by the rule that a motion for a continuance not in accord with the statute lies within the sound discretion of the trial court and will be reversed only when a manifest abuse of discretion is shown. *Works v. State* (1977) Ind., 362 N.E.2d 144. We hold there was no abuse of judicial discretion in the case at bar. Appellant was granted one continuance to find this witness. His second motion failed to show the necessity of the witness' testimony or the efforts already expended to locate such witness. Under these circumstances, the trial court was well within its discretion in denying appellant's second motion for a continuance.

▇ Appellant alternatively argues that the trial court erred in failing to grant his request that the court order the prosecutor to stipulate to the testimony of the missing witness. This stipulation was to be based on a prior statement made by this witness. The prosecutor responded that the statement was incomplete, was not subject to cross-examination and constituted hearsay. Hence, he would not agree to any stipulation. The "essence of a stipulation is an agreement of the parties." *United States v. Harris* (7th Cir. 1976) 542 F.2d 1283, 1297, cert. denied, 430 U.S. 934, 95 S.Ct. 1558, 51 L.Ed.2d 779 (1977). The very nature of our criminal justice system dictates that the trial judge should refrain from compelling the prosecutor in such an instance to agree to a stipulation of facts. The parties in the case at bar did not agree to any stipulation and we find substantial reason for the prosecuting attorney to refuse to do so. Consequently we find no abuse of discretion in the trial court's action.

▇ Appellant next asserts the evidence is insufficient to support the verdict of the jury. He alleges the State failed to prove malice, purpose, identification and the absence of self-defense. When we review evidence on appeal, we look only to that most

favorable to the State. So long as the State has produced substantial evidence of probative value from which the jury could have inferred that appellant committed the crime charged, the verdict will not be disturbed. *Wollam v. State* (1978) Ind., 380 N.E.2d 82.

■ Malice and purpose may be inferred from the circumstances in evidence, the use of a deadly weapon in a manner likely to cause death or the act of killing a human being. *Chatman v. State* (1975) 263 Ind. 531, 334 N.E.2d 673. The threats to "waste" the decedent and the firing of five shots at decedent's back, resulting in his death, is substantial evidence of probative value that the killing was accomplished with both malice and purpose.

■ The testimony of a single eyewitness to the crime is sufficient evidence of identification for this Court to affirm the jury's verdict of guilty. *Lewis v. State* (1976) 264 Ind. 288, 342 N.E.2d 859. Here, one witness observed the shooting as it occurred outside the food store. Two other witnesses testified as to the events inside the store, which culminated in both appellant and the decedent venturing outside. There is sufficient evidence upon which to base a finding of the jury that appellant shot the decedent.

■ To prevail on a claim of self-defense appellant must have acted without fault, been in a place where he had a right to be and been in danger of death or great bodily harm. The State has the burden to prove that the appellant did not meet one of these requirements. *White v. State* (1976) 265 Ind. 32, 349 N.E.2d 156. The facts of this case, as recited above, provide sufficient evidence from which the jury could have inferred that appellant was not acting in self-defense. Further, even assuming *arguendo* that Muhlberger originally was the aggressor by chasing appellant with the billiard cue, it is clear that Muhlberger abandoned his pursuit and started to return to his store. Appellant then became the aggressor by emerging from the side of the building to shoot the decedent. *Jackson v. State* (1978) Ind., 371 N.E.2d 698.

■ Appellant next argues that the trial court erred in admitting State's Exhibit numbered 2, since allegedly a proper chain of custody had not been established. Exhibit 2 was a bullet taken from the chest cavity of the decedent. Its severe deformity from its firing and penetration of the decedent's body was a distinctive characteristic. Dr. Y. Kino, the pathologist who removed it, scratched the letter "K" in the bullet. The bullet therefore was hard, physical evidence and was capable of eyewitness identification. If the offered evidence possesses characteristics which are fairly unique and readily identifiable, and if the substance of the evidence is relatively impervious to change, the trial court has broad discretion to admit it merely on the basis of testimony identifying it as being in substantially unchanged condition. *Woodard v. State* (1977) Ind., 366 N.E.2d 1160, 1164. The bullet in the case at bar is such evidence and the trial court committed no abuse of discretion in permitting its introduction in evidence.

■ Finally, appellant urges reversal of his conviction on the ground of prosecutorial misconduct. First, the prosecutor, at two different points, asked witnesses whether they were afraid of the appellant. However, objections to the questions were immediately sustained. Any potential error which might have resulted from the question was prevented by the trial court. *Morris v. State* (1979) Ind., 384 N.E.2d 1022.

■ Second, during closing argument the prosecuting attorney called appellant a "liar." As pointed out by Justice Arterburn in *Pearish v. State* (1976) 264 Ind. 339, 344 N.E.2d 296, this statement must be taken in the context of the conflict of the evidence. On the one hand appellant was saying that he had acted in self-defense, while on the other, several witnesses' testimony tended to prove the opposite. The prosecutor correctly noted that someone was lying and it was within the bounds of proper comment for him to argue that appellant was the one so doing.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.