Franklin McGRAW, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 180S1.

Supreme Court of Indiana.

Oct. 19, 1981.

Dwight F. Ritter, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant), following a trial by jury, was convicted of Murder, Ind.Code § 35–42–1–1 (Burns 1979), and Robbery, Ind.Code § 35–42–5–1 (Burns 1979). He was sentenced to sixty (60) years imprisonment upon the Murder conviction and to thirty (30) years imprisonment upon the Robbery conviction, said sentences to run concurrently. This direct appeal presents the following issues:

(1) Whether the trial court erred in admitting the autopsy report into evidence.

(2) Whether the trial court erred in admitting the testimony of two (2) State's witnesses, notwithstanding the State's failure to reveal them upon its list of witnesses provided to Defendant.

(3) Whether the trial court erred in denying Defendant's motion for a continuance premised upon an unforeseen event which was to delay the arrival of one of his alibi witnesses.

On August 21, 1978, Defendant and several companions shot and killed a security

guard in the vicinity of Twenty-First and Meridian Streets in Indianapolis. They fled after taking the guard's satchel.

\* \* \*

## ISSUE I

■ Over objection, the trial court admitted into evidence the report of the autopsy which had been performed upon the victim. Defendant contends that the report was inadmissible hearsay because the physician who prepared it was not called to testify.

Defendant did not raise this error in his Motion to Correct Errors, and therefore, it is not available for review. *Guardiola v. State*, (1978) 268 Ind. 404, 405, 375 N.E.2d 1105, 1107. Additionally, we note that the autopsy report was properly certified so as to be admissible under the public documents exception to the hearsay rule. *Johnson v. State*, (1977) 267 Ind. 256, 258, 369 N.E.2d 623, 624, *cert. denied*, (1978) 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791. *See Thompson v. State*, (1979) Ind., 386 N.E.2d 682, 684; *Wright v. State*, (1977) 266 Ind. 327, 340, 363 N.E.2d 1221, 1228.

## ISSUE II

■ Defendant complains of the trial court's failure to exclude the testimony of two expert witnesses, who testified about the gun and the bullet recovered at the scene. These witnesses had not been listed upon the State's list of witnesses.

Defendant has also failed to include this alleged error in his Motion to Correct Errors and it also, is unavailable for review. *Guardiola v. State, supra; Bridgewater v. State*, (1979) Ind.App., 393 N.E.2d 223, 226. We note, however, that defense counsel was given an opportunity to talk to each of these witnesses just prior to his testifying. Defendant did not, thereafter, move for a continuance, which indicates that he was satisfied with the procedure adopted. *Rowley v. State*, (1979) Ind., 394 N.E.2d 928, 930.

## ISSUE III

■ Defendant contends that the trial court erred in overruling his motions for a continuance based upon the absence of an alibi witness. Such continuances are governed by Ind.Code § 35–1–26–1 (Burns 1979). Six days prior to trial, Defendant filed a written motion alleging that some witnesses were having financial difficulty in arranging to appear. However, the record contains no affidavit in support of the motion as required by the statute. Thereafter, at trial, Defendant made an oral motion for a continuance based upon the absence of one of the same witnesses referred to in the prior motion. Defense counsel informed the trial court that the witness was enroute from California but had encountered trouble with her automobile. Without obtaining a ruling upon the motion, defense counsel agreed to and did proceed with other witnesses. Later in the trial he renewed the motion, and it was denied.

None of the motions made complied with Ind.Code § 35–1–26–1, and the rulings thereon are reviewable only for an abuse of discretion. *Royal v. State*, (1979) Ind., 396 N.E.2d 390, 393. Although Defendant's representations to the trial court might have established the materiality of the witness' testimony, Defendant was unable to show the trial court that this witness would arrive within a reasonable time:

"THE COURT: There is no assurance, though, that she will get here in two (2) or three (3) days.

"MR. HARROLD: No, there is not, Judge. I cannot give you that assurance. I can simply tell you what I've already said, in terms of what I was told, as to how she would make every possible effort to be here for the trial of her brother."

Under the circumstances, Defendant has not shown an abuse of discretion. *Wombles v. State*, (1979) Ind., 383 N.E.2d 1037, 1038–39.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.