Richard Carl TESSELY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 581 S 140.

Supreme Court of Indiana.

April 2, 1982.

Joseph D. Bradley, South Bend, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Richard Carl Tessely, is before this Court appealing from the denial of his petition for Post-Conviction Relief, Rule 1. He was convicted by a jury in 1975 of first-degree burglary, assault and battery with intent to commit a felony, and as an accessory both before and after the crime of inflicting injury during the commission of a robbery. On his direct appeal,

this Court affirmed his convictions and sentences for first-degree burglary and accessory before the crime of inflicting injury during the commission of a robbery, but vacated his convictions and sentences for assault and battery with intent to commit a felony and as an accessory after the fact. *Tessely v. State,* (1978) 267 Ind. 445, 370 N.E.2d 907. Here, he seeks relief from the judgments and sentences—ten to twenty years and life—entered on the convictions for burglary and accessory before the fact.

He presents the following issues for our review:

1. Whether the trial court erred in concluding petitioner was not denied effective assistance of counsel; and

2. Whether the trial court erred in concluding newly-discovered evidence did not warrant relief from petitioner's convictions.

■ At the outset, it is recognized petitioner had the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceedings. Ind.R.P.C. 1, § 5; *Turman v. State,* (1979) Ind., 392 N.E.2d 483. In reviewing the denial of a petition for post-conviction relief, this Court may not weigh the evidence nor judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Henson v. State,* (1979) Ind. 392 N.E.2d 478; *Hoskins v. State,* (1973) 261 Ind. 291, 302 N.E.2d 499.

## I.

Petitioner asserts the trial court erred when it concluded he was not denied effective assistance of counsel. Specifically, he maintains he was denied adequate representation by virtue of his counsel's alleged failure to object to improper evidence, his counsel's alleged failure to utilize exculpatory evidence, and his counsel's alleged failure to object to prosecutorial misconduct.

■ Petitioner concedes his contention is governed by the standard of whether his representation constituted a "mockery of justice," as modified by the requirement of "adequate legal representation." *Adams v. State,* (1982) Ind. 430 N.E.2d 771 (Hunter, J., dissenting); *Cottingham v. State,* (1978) 269 Ind. 261, 379 N.E.2d 984. The standard is implemented with the corollary presumption that counsel is competent; strong and convincing evidence must be presented in order to overcome the presumption. *Lindley v. State,* (1981) Ind. 426 N.E.2d 398; *Rinard v. State,* (1979) Ind. 394 N.E.2d 160.

■ Petitioner's contention his counsel failed to object to improper evidence is without merit. He maintains that while his counsel did object to the admission of a radio and shaver taken from the burglarized residence, this Court on direct appeal upheld the admission of the items because they were "cumulative" of testimony already admitted; consequently, he argues, his counsel's failure to object to the testimony deprived him the proper exclusion of the stolen items.

In our disposition of petitioner's direct appeal, however, we expressly stated the radio and shaver "were competent evidence" as proof of the charged burglary and his intent to commit a felony inside the victim's residence. *Tessely v. State, supra,* 370 N.E.2d at 910. The trial court properly rejected this basis for petitioner's claim of inadequate counsel.

Petitioner also predicates his claim of inadequate representation on his counsel's failure to introduce allegedly exculpatory evidence. He asserts counsel was aware the deputy prosecutor was motivated by personal malice in his prosecution of petitioner, yet failed to either disclose the improper and unprofessional motive or introduce evidence of it in an attempt to exculpate petitioner. To support his claim, he relies on notes counsel compiled of a pretrial conversation with Francis E. Meredith, who was interviewed at the St. Joseph

County Jail, where both Meredith and petitioner were incarcerated; in addition, petitioner relies on a letter Meredith mailed to public officials four years subsequent to petitioner's trial.

Both the notes and letter indicate Meredith overheard a conversation between the deputy prosecutor and a colleague from another county regarding the charges then pending against petitioner. Meredith's account of the conversation, as revealed in the notes and letters, indicate the deputy prosecutor held a personal hostility toward petitioner and was determined petitioner would be convicted and receive the maximum sentence possible.

We note both written summaries of Meredith's account of the conversation he overheard represent hearsay evidence in its classic form. *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482; 5 Wigmore, Evidence § 1361 p. 1 (Chadbourn rev. 1974). Although the deputy prosecutor to whom the statements were attributed did testify at the post-conviction relief hearing, the record reveals he was not questioned with respect to the truth of Meredith's account of the conversation. Similarly, the record reveals petitioner's trial counsel was not questioned with respect to his reasons for failing to utilize Meredith's account of the conversation in an attempt to exculpate petitioner.

On the basis of the record before us, the question at issue is reduced to a matter of speculation regarding the validity of Meredith's hearsay assertions and the failure of counsel to utilize the information. This Court is asked to second-guess the actions and strategy of counsel on the basis of conjecture; that is not our prerogative, even if it could be said counsel's approach amounted to an isolated instance of poor strategy. *Hollon v. State*, (1980) Ind. 398 N.E.2d 1273; *Smith v. State*, (1979) Ind. 396 N.E.2d 898; *Crisp v. State*, (1979) Ind., 394 N.E.2d 115. On the basis of the record presented, it cannot be said the trial court erred in rejecting petitioner's claim.

Petitioner has also based his allegation of inadequate representation on the alleged failure of counsel to object to prosecutorial misconduct. He maintains that although he notified counsel he had observed the deputy prosecutor conversing with two jurors during a mid-trial recess, counsel failed to disclose the improper conduct to the court.

At the post-conviction relief hearing, however, counsel testified he was unable to recall whether petitioner had informed him during trial that the deputy prosecutor had conversed with jurors during a recess. The deputy prosecutor, on the other hand, unequivocally denied he had talked with jurors during the trial or that he was acquainted with any of the jurors. Petitioner's contention consequently rests on a matter of the credibility of witnesses, which we are not at liberty to judge. *Henson v. State, supra; Hoskins v. State, supra.* The trial court did not err in rejecting petitioner's factual basis for his claim of inadequate representation.

Petitioner's various bases for his claim that he was denied the effective assistance of counsel were properly rejected; the trial court did not err in denying post-conviction relief on the allegation of inadequate representation.

## II.

Petitioner contends his introduction of newly-discovered evidence at the post-conviction relief hearing warranted relief from his judgments and sentences. The evidence consisted of notarized statements by three inmates at the Michigan City State Prison; therein, each affiant stated he had been told by Frank Bonk that petitioner had not participated in the crimes for which both Bonk and petitioner were convicted. The affiants stated Bonk had admitted he had committed perjury at trial in testifying that he and petitioner had acted as confederates in committing the crimes.

At the post-conviction relief hearing, however, Bonk denied he had made the

statements to the affiants. He reiterated his trial testimony that petitioner had participated in the crimes at issue. He conceded he had written a letter some nine months previous wherein he had indicated a different individual had participated in the crimes; that letter, he stated, was the product of intimidation by fellow prisoners.

Based on this record of conflicting evidence, the question before the trial court turned on its evaluation of the credibility of witnesses. As previously acknowledged, it is not our province to assess the credibility of witnesses and interpose our assessment of the weight to be accorded particular testimony. *Henson v. State, supra; Hoskins v. State, supra.* It cannot be said the trial court erred when it rejected petitioner's claim for post-conviction relief on the basis of newly-discovered evidence.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.