Stanley DILLON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S491.

Supreme Court of Indiana.

May 6, 1983.

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Judge.

Appellant was charged with Burglary, Attempted Rape and Battery. Later the information was amended seeking enhancement under the habitual offender statute. After trial by jury appellant was found guilty on the first three counts and was also found to be an habitual offender. He was sentenced to twenty years imprisonment on the Burglary conviction, twenty years imprisonment on the Attempted Rape conviction, and six months imprisonment on the Battery conviction. The sentencing entry reflects these sentences are "to run concurrently with an additional thirty (30) years for the crime of habitual offender for a total of 50 years ...." (Emphasis added.) Moreover, the commitment order reads in part, the first three sentences are "to run concurrently with an additional thirty (30) years *for the crime of habitual offender* ...." (Emphasis added.)

Before treating the issues raised in this appeal it is necessary that we address the error in the sentencing. We have held in many other cases an adjudication that a defendant is an habitual offender under I.C. § 35-50-2-8 [Burns 1979 Repl.] does not result in a conviction of the defendant for "the crime of habitual offender." *See, e.g., Short v. State,* (1982) Ind., 443 N.E.2d 298; *Wilburn v. State,* (1982) Ind., 442 N.E.2d 1098; *Yager v. State,* (1982) Ind., 437 N.E.2d 454. The statute only provides for an enhancement of a sentence imposed upon conviction for an underlying felony. *Id.* To permit adjudication of a defendant as an habitual offender to be interpreted as a finding of guilty of a separate crime would constitute violation of the Double Jeopardy clause of the United States Constitution. *See, Yager, supra.*

Consequently, it is necessary to remand this case for a correction of the sentencing of appellant. Upon adjudication of appellant as an habitual offender, either of the two twenty year convictions should be enhanced by thirty years. *See, Short, supra.* The result is a sentence of fifty years on one felony conviction (twenty years plus a thirty year enhancement), twenty years on the other felony conviction, and six months on the battery conviction, all terms to run concurrently. The case is remanded to the trial court for correction of the error in sentencing.

The facts are these. One M.S., the victim of the attempted rape, testified she resided in a downstairs apartment located at 830 North Broadway in Indianapolis. She testified that on February 1, 1982, at a little after 8:00 P.M. there was a knock on her door. She responded, observing a man she did not recognize who tried to persuade her to let him into the apartment. M.S turned him away. She then went upstairs for a few minutes to talk to her sister and the caretaker of the premises, one Melvin Day. M.S. returned to her apartment, and shortly thereafter the door was suddenly broken open. A man entered, threw her down on the day cot she kept in the front room, jerked off her underpants and unzipped his own pants. At that point M.S. yelled for help. Mr. Day immediately came down the stairs whereupon the assailant went into the hallway and met him, striking him at least once on the side of the head with his fists. Then M.S. ran up the stairs to Day's apartment, with the assailant in pursuit and Day in pursuit of the assailant. Once inside Day's apartment the assailant again attacked M.S. Day armed himself with a hammer. Day finally went back downstairs to look for police as someone, although it is not clear who, had called them. Almost simultaneously the assailant gave up his assault and fled down the stairs to exit the building. Day testified that upon reaching the door to the outside he saw the police had already arrived. He testified the assailant then ran right past him at the front door and almost ran into the arms of a policeman approaching the door.

Both M.S. and Day testified as to the facts as set forth above. However, when asked whether the assailant was present in the courtroom, M.S. first stated only, "[t]hat looks like him over there." The record does not reflect whether this reference was to appellant. Later M.S. admitted she wasn't sure if her assailant was in the

courtroom at all. In response to the same question, Day stated the man who committed the acts described was not present in the courtroom.

Two Indianapolis Police officers, Stephen Vogt and Linda Rushline, also testified. They testified they were on duty together on the night of February 1, 1982. They testified they heard a police broadcast at about 8:00 P.M. that night of a disturbance of some sort at 830 North Broadway and that they responded to the call. Both testified that as they approached the building at that address a man they both identified as appellant came running out of the door, jumped off the porch and fell down at Officer Vogt's feet, whereupon he was placed under arrest. Vogt further stated an elderly man, whom he did not name, came running out of the same door. Officer Rushline stated "Mr. Day" came out the same door as had appellant immediately after appellant exited the building. Both officers stated they noticed appellant's trousers were unzipped when he came out of the building.

■ Appellant first claims the evidence is insufficient to support the convictions. He relies heavily on the fact neither M.S. nor Mr. Day were able to identify him as the perpetrator of the charged offenses.

We do not reweigh the evidence nor judge the credibility of witnesses. *Oliver v. State,* (1982) Ind., 431 N.E.2d 98.

Appellant's argument is not that credibility of witnesses is an issue in this case but that conceding all the witnesses testified truthfully and accurately, there was still not sufficient evidence of probative value adduced to show that it was he who committed the charged offenses. He contends the evidence shows no more than "mere opportunity" on his part to have committed the crimes, which without more is insufficient evidence to support a conviction. *See, Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657. He also contends the evidence shows nothing more than his presence at the scene of a crime, a showing that without more is also insufficient to support a conviction. *See, Janigon v. State,* (1982) Ind., 429 N.E.2d 959.

■ We disagree. In reviewing the evidence that supports a conviction we look at all the evidence in support thereof. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805. In the case at bar the testimony of Officers Vogt and Rushline, when compared to that of M.S. and Day, is such that a reasonable trier of fact could conclude appellant, who was positively identified by the police officers, was the perpetrator of the events described by M.S. and Day. The inability of the victim of the crime to positively identify the defendant as the perpetrator of the crime does not mean the conviction is not supported by sufficient evidence. *See, e.g., Jordan v. State,* (1982) Ind., 432 N.E.2d 9.

■ Appellant challenges the conviction for attempted rape as being unsupported by sufficient evidence on the grounds the conduct alleged and proved by the State does not constitute sufficient proof of the commission of a substantial step toward the commission of the underlying offense, citing *Cowans v. State,* (1980) Ind., 412 N.E.2d 54. I.C. § 35-41-5-1(a) [Burns 1979 Repl.] defines an attempt to commit an offense as occurring when a person "acting with the culpability required for the commission of the crime ... engages in conduct that constitutes a substantial step toward the commission of the crime." Rape is defined in relevant part by I.C. § 35-42-1-1(a) [Burns 1979 Repl.] as occurring when "[a] person ... knowingly or intentionally has sexual intercourse with a member of the opposite sex when: (1) The other person is compelled by force or imminent threat of force ...." Construing these two statutes together, we have held a conviction for attempted rape is supported by sufficient evidence when one can logically find beyond a reasonable doubt the attacker intended to accomplish some penetration by the use of force or imminent threat of force and that he took a substantial step toward the accomplishment of that result. *Smith v. State,* (1982) Ind., 439 N.E.2d 634; *Neice v. State,* (1981) Ind., 421 N.E.2d 1109; *Himes v. State,* (1980) Ind., 403 N.E.2d 1377.

As we stated in *Neice, supra,* where a challenge to sufficiency of the evidence focuses on the evidence as to the defendant's taking of a substantial step, "The proper analysis focuses on what the accused has completed, and not upon what he has left undone." In *Neice, supra,* we upheld the defendant's conviction for attempted rape when he neither exposed his penis nor removed the underclothing of the intended victims. The accused in *Neice, supra,* had completed less than appellant toward the accomplishment of some penetration. Given the *Neice* holding, it is apparent there is sufficient evidence in the case at bar to warrant a reasonable factfinder's conclusion that appellant's act constituted a substantial step toward the commission of the crime of rape.

Appellant claims the trial court erred in overruling two oral motions for continuances needed to locate his only witness, one Ralph Brown. The record shows appellant's attorney made the first motion after *voir dire* of the jury. The attorney stated Brown was a material witness and that he had told appellant he was willing to testify as to the defense of intoxication, that he (the attorney) had delivered a subpoena for Brown to the sheriff three days earlier, that he had not received notice of the return of the subpoena, and that the day before trial (a Sunday) he had driven by Brown's home in Indianapolis to find him but had failed. The trial court denied the motion, stating that since the time for presentation of the defendant's evidence had not yet arrived it was unnecessary to grant the continuance at that time.

At the conclusion of the State's presentation of its evidence appellant's counsel again moved for a continuance to find Ralph Brown. The attorney stated he had tried during a recess to locate Mr. Brown but had been unable to do so. The trial court denied the motion, stating that since trial had been set since May 11 (trial was held June 28) there had been "adequate time to get a witness into court." Appellant then presented no evidence on his behalf.

Appellant contends the trial court committed reversible error in denying these oral motions for a continuance. He first argues the trial court's refusal to use its contempt powers under Ind.R.Tr.P. 45(F) was a denial of his constitutional right to compel the attendance of witnesses on his behalf. He cites *Jordan, supra,* as a case in which, in a similar situation, this Court approved the trial court's issuance of a bench warrant on the authority of Rule 45(F) to arrest a State's witness who had been subpoenaed to testify but had failed to appear on the day of the trial. The *Jordan* opinion did not make it clear whether the prosecutor also requested a continuance so there would be time for the witness to actually be located and brought into court. However, it is clear that for all practical purposes that is what occurred in that case. Appellant contends since the trial court in this case could have followed the same procedure as the trial court did in the *Jordan* case to compel the witness' attendance, the court committed reversible error in not granting the continuance.

We would first note *Jordan, supra,* may be distinguished from the case at bar. In this case there was no proof witness Brown was ever served with the subpoena. In *Jordan, supra,* it was shown to the satisfaction of the trial court the subpoena had been served. The trial court's authority to use Rule 45(F) to hold a person in contempt for failure to appear after having been subpoenaed depends upon a showing the subpoena was served.

I.C. § 35–1–26–1 [Burns 1979 Repl.] provides for a continuance due to the absence of a witness. The statute requires the defendant to file an affidavit in support of the request five days or more prior to trial. It is further required the affidavit show the name and address of the witness; that his absence is not due to an act of the defendant or someone acting at his request; what facts the witness will attest to; the probability of procuring his testimony within a reasonable time; and that the defendant cannot prove the facts to which the witness will attest with the testimony of another witness.

There is no question appellant's request did not meet the statutory requirements. The request was not supported with the filing of an affidavit five or more days before trial.

However, I.C. § 35-1-26-1 also states that if the defendant fails to file the required affidavit within the time frame set forth he "shall sustain the burden of establishing to the satisfaction of the court, that the defendant is not at fault for failing to file such affidavit at an earlier date." Failure to file the affidavit does not absolutely preclude the defendant from obtaining a continuance. Rather, when the defendant's request does not comply with the statute, the question becomes whether the trial court abused its discretion in denying the continuance. See, McGraw v. State, (1981) Ind., 426 N.E.2d 1290; Royal v. State, (1979) Ind., 396 N.E.2d 390; Ind.R.Tr.P. 53.-4.

We see no abuse of discretion here. A specific showing of harm is required of the appellant in order to show abuse of discretion on the part of the trial court in denial of a motion for a continuance. Downer v. State, (1982) Ind., 429 N.E.2d 953. This includes a showing as to the materiality of the witness' testimony. McGraw, supra; Hemphill v. State, (1979) 270 Ind. 590, 387 N.E.2d 1324.

In the case at bar, though appellant's attorney stated the witness would testify as to the defense of intoxication, this falls far short of showing materiality of his testimony so that we could say the harm caused is apparent. He did not state any facts relating to the alleged intoxication about which Brown would testify, such as the source of Brown's knowledge, the identity of the intoxicant appellant ingested, the time or place of this ingestion, or the degree of intoxication. The bald assertion that the missing witness would testify as to appellant's intoxication, without more, does not enable appellant to carry his burden of showing abuse of discretion in denial of the motion. We hold there was no error in denying appellant's motion for a continuance.

Appellant questions the competence of his trial attorney. The first basis for such claim is that the attorney failed to assert his rights under Trial Rule 45(F) to compel the attendance of witness Ralph Brown. Second, he asserts incompetence is shown by the attorney's failure to poll the jury following the verdicts of the jury. Third, he asserts incompetence is shown by the attorney's failure to "dissuade the jury from convicting the defendant of being an habitual criminal." Finally, he argues the combined effect of these errors, even if none independently shows incompetence, does so when considered cumulatively.

The standard we use in determining whether representation for a criminal defendant was adequate is whether the attorney's omissions or commissions of error made the trial a mockery of justice, shocking to the conscience of the reviewing court, as modified by the requirement of adequate legal representation. Tessely v. State, (1982) Ind., 432 N.E.2d 1374; Rice v. State, (1981) Ind., 426 N.E.2d 680; Huggins v. State, (1980) Ind., 403 N.E.2d 332. There is a presumption of competence on the part of the attorney that is overcome only by strong and convincing evidence. Tessely, supra; Huggins, supra.

As to the failure to timely file for a continuance in order to locate Ralph Brown, the record shows it was not until June 25, 1982, three days before trial was to begin, that the attorney represented he provided the sheriff with a subpoena for service upon Brown and provided notice to the State of his intent to call Brown as a witness. Moreover, appellant makes no showing he notified the attorney prior to this date of Brown's existence and the materiality of his testimony. This state of the record strongly suggests the attorney did not know of Brown's existence prior to that date and belies any notion he was not diligent in locating him or in filing for a continuance in accord with the statutory procedure.

Failure to poll the jury was specifically held not to constitute a showing of

inadequate representation without a specific showing of resultant harm. *Robertson v. State,* (1974) 262 Ind. 562, 319 N.E.2d 833.

As to failure to "dissuade" the jury from finding appellant to be an habitual offender, appellant's argument in this regard seems to be nothing more than that his attorney is to be deemed incompetent for failure to gain an acquittal on that issue. We do not determine adequacy of representation on the basis of whether or not an acquittal was won. *Dean v. State,* (1982) Ind., 433 N.E.2d 1172. Finally, we would note that throughout the proceedings the attorney made numerous objections to the admission of evidence, some of which were successful. He also wisely refrained from extensive cross-examination of M.S. and Melvin Day when it became clear neither of them could identify appellant as the perpetrator of the offenses. To the contrary of appellant's assertions on appeal we find appellant's trial counsel rendered more than minimally competent representation. We hold there was no denial of appellant's right to effective representation by counsel.

The case is remanded to the trial court with instructions to correct the error regarding his sentencing under the habitual offender statute. The trial court is in all other things affirmed.

All Justices concur.