**Jesse C. ASHFORD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 1282S494.**

Supreme Court of Indiana.

July 5, 1984.

Terry C. Gray, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Jesse C. Ashford, was convicted by a jury of murder, Ind.Code § 35–42–1–1 (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a period of thirty-five years. He raises the following four issues in this direct appeal:

1. Whether there was sufficient evidence to sustain the conviction and rebut the claim of self-defense;

2. Whether certain actions by the prosecution amounted to misconduct and constituted reversible error;

3. Whether the trial court erred in admitting hearsay statements related by the victim's sister; and

4. Whether there was fundamental error committed when the victim's family moved certain items at the scene of the crime.

A summary of the facts from the record most favorable to the state shows that defendant admitted that he shot the victim, Brenda Givens, at her house on December 24, 1980. Defendant claimed, however, that the shooting was accidental and in self-defense. He testified that Brenda struck at him with a knife and he raised his left arm to ward off the blow. He further testified that he was holding a pistol in this hand and that when the knife struck his

gloved hand between the thumb and first finger the gun went off.

The record shows that defendant and the victim had lived together for some time but shortly before the instant crime, there had been a quarrel and the victim had moved into a house by herself across the street from her parents' home. On the evening of December 23, 1980, some of Brenda's friends had come back to her house after a Christmas party at work. One individual, Charles Wiggins, testified that he stayed at Brenda's house all night. He stated that he saw defendant come to Brenda's house on the morning of December 24, 1980, and that Brenda admitted defendant into the house and talked to him for a while. Wiggins went outside to get the snow off of his car and a few minutes later heard Brenda shout out in a frightened voice for him to go get her father. Wiggins could see Brenda struggling with defendant in the front doorway and could see that the robe she had been wearing had been pulled off. As he was running across the street to get Brenda's father, he heard a shot. When he looked back, he saw Brenda's nude body fall backwards out of the front door onto the porch. He also saw defendant leaving the scene in his automobile.

Wiggins and Brenda's mother, father, and sister all hurried across the street. Wiggins and Brenda's mother picked up Brenda, who was coughing up blood, and brought her in out of the snow. Someone placed a sheet around Brenda's body and picked up her robe and a torn pair of panties. A butcher knife was found in the snow outside the door. The police arrived and took photographs of the scene which were admitted into evidence at the trial. The pathologist testified that the fatal bullet entered Brenda's left chest and traveled in a left-to-right path. Defendant testified that he had not come to Brenda's house with a gun, but that Brenda gave him the gun wrapped in old clothes for him to take away so her son wouldn't get hurt with it.

### I.

Defendant first argues that there was not sufficient evidence to sustain the con-

viction and rebut the claim of self-defense. He testified that he was at Brenda's house by invitation and an agreement reached by telephone the night before. He was discussing with Brenda the fact that he was going to take his car as she had no insurance on it. He testified that Brenda drew the knife and attacked him to stop him from leaving and taking the car.

■ It is well settled that a defendant need only raise the issue of self-defense so that a reasonable doubt exists. The state then carries the burden of negating the presence of one or more of the necessary elements of self-defense; that defendant acted without fault, was in a place where he had a right to be, and acted in reasonable fear or apprehension of death or great bodily harm. *McCraney v. State*, (1983) Ind., 447 N.E.2d 589; *Cox v. State*, (1981) Ind., 419 N.E.2d 737; *Johnson v. State*, (1980) Ind., 409 N.E.2d 621.

Upon a review for sufficient evidence, this Court will neither reweigh the evidence nor judge the credibility of witnesses. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, that verdict will not be overturned. *Fielden v. State*, (1982) Ind., 437 N.E.2d 986; *Duffy v. State*, (1981) Ind., 415 N.E.2d 715.

■ Here, there was evidence that the gun was a single action revolver which could not have been fired without a two-step operation of first cocking the hammer and then pulling the trigger. There was evidence that there had been a struggle between Brenda and defendant since Brenda's robe had been torn off. Furthermore, there was evidence that Brenda was afraid of defendant since she called out to Wiggins for help. Even if Brenda had first attempted to attack defendant, the trier of fact may find that the use of deadly force is not justified if a reasonable person in the same circumstances would not have been

placed in reasonable fear of death or great bodily harm. *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260. Finally, the record shows an inconsistency between defendant's account of his relative position with Brenda when the gun went off and the pathologist's testimony about the path the bullet traveled through Brenda's body. There was sufficient evidence here to negate the claim of self-defense.

## II.

■ Defendant next contends that certain actions by the prosecutor amounted to misconduct and constituted reversible error. However, several of the errors such as the allegedly insufficient chain of custody for certain items of evidence, the prosecutor's opening remarks and remarks about the competence of defendant to stand trial, and the failure to comply with certain discovery orders were not raised in defendant's Motion to Correct Errors and are therefore waived. This Court has consistently held that to preserve an alleged error for appellate review, the error must be stated with specificity in the motion to correct errors. *Prine v. State*, (1983) Ind., 457 N.E.2d 217; *Mitchell v. State*, (1983) Ind., 455 N.E.2d 1131; *Brumfield v. State*, (1982) Ind., 442 N.E.2d 973. Therefore all the above errors are waived.

The specification of error in defendant's Motion to Correct Errors reads as follows:
"2. There was a series of actions by the Prosecutor sufficient to constitute a basis for reversible error due to his improperly placing Jesse Ashford in "grave peril," including the use of 'evidentiary harpoon' at sentencing."

Defendant explained this specification of error in his memorandum in support of his motion to correct errors by stating that the prosecutor had referred to him as a drug dealer when there was no evidence to support this allegation. The record shows that the mention of defendant's possible involvement with drugs was made to the court at a sidebar conference during the jury selection proceedings. The court stated that he didn't think any of the seated jurors had heard the comment, but he subsequently admonished the jury that if they did overhear anything at sidebar they were to disregard it as it was not evidence.

■ Defendant complains of several additional prosecutorial actions in his appellate brief but the record shows that there were objections in every instance and the court either sustained defendant's objections or the state withdrew the question. A sustained objection cannot be the basis of an argument on appeal. *Hemphill v. State*, (1979) 270 Ind. 590, 387 N.E.2d 1324; *Skaggs v. State*, (1982) Ind.App., 438 N.E.2d 301.

Defendant claims that in several instances the prosecutor's questions to witnesses led to the introduction of evidentiary harpoons. We have held that when it is apparent that the "sole purpose of calling the witness was to wield the *evidential harpoon*, deliberately calculated by counsel to prejudice the jury against the defendant and and his defense," an admonishment cannot cure the error and a mistrial should be declared. *White v. State*, (1971) 257 Ind. 64, 76, 272 N.E.2d 312, 319 (emphasis in original). However, we have found that in cases involving simple irregularities such as counsel asking leading questions or questions calling for hearsay answers, there is a strong presumption that the jury was able to follow the admonitions of the trial court to disregard any hastily given evidence. *Davis v. State*, (1981) Ind., 418 N.E.2d 203; *Hightower v. State*, (1973) 260 Ind. 481, 296 N.E.2d 654. The prosecutor's questions in this case appear to be of the latter type and defendant has not pointed out any true evidentiary harpoons.

■ It is well settled that the conduct of opening and closing arguments, as well as the course of the trial, is within the sound discretion of the trial court. *Vanyo v. State*, (1983) Ind., 450 N.E.2d 524; *Whitacre v. State*, (1980) Ind., 412 N.E.2d 1202. Our standard for determining the significance of prosecutorial misconduct was thoroughly discussed in *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. We found that the court must determine if, when

viewed from the totality of the circumstances of the case, any misconduct placed the defendant in a position of grave peril to which he should not have been subjected. *White v. State*, 257 Ind. at 78, 272 N.E.2d at 320. Here the trial court properly sustained objections and gave admonishments where necessary. We do not find that the prosecutor's conduct here placed defendant in a position of grave peril which would necessitate the reversal of his case. There was no abuse of discretion here.

## III.

Defendant next argues that the trial court erred in admitting certain testimony of the victim's sister, Lavon Givens, which he contends was hearsay. Lavon was asked to testify about the relationship between her sister and defendant and whether defendant had ever acted violently toward her sister. She was only able to cite one specific instance where she personally saw defendant use violence toward Brenda, but she attempted to tell about other times there was violence between them because Brenda had told her about it. It appears from the record that the court sustained defendant's objections when Lavon started to testify about what Brenda had told her and the court also admonished the jury to disregard comments made by counsel at that time. The jury was fully aware from cross-examination that Lavon didn't like defendant and had actually seen only one incident where defendant had exhibited violence toward Brenda.

We find defendant has not identified any specific examples of hearsay testimony in his appellate brief and has not presented a discernible and cogent argument on this issue demonstrating how he was harmed. We have consistently held that any issue which is not supported by cogent argument or citation is waived. Ind.R.App.P. 8.3(A)(7); *Dunaway v. State*, (1982) Ind., 440 N.E.2d 682. This issue is therefore waived.

## IV.

Defendant finally contends that it was fundamental error to admit the photographs of the scene of the crime taken when the police arrived because members of Brenda's family had already moved Brenda's body, the robe, and the torn panties. We find no prejudice to defendant since the jury was well aware through the testimony of several witnesses how the scene of the crime had been changed. Defendant himself testified that the panties had not been worn by the victim but rather had been taken out of an "old clothes" bag to wrap the gun in. Defendant does not cite any authority to support his argument here and this issue is therefore waived. *Dunaway v. State*, 440 N.E.2d at 686.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.