**Donald Ray JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1184S430.**

Supreme Court of Indiana.

June 10, 1985.

Rehearing Denied Aug. 5, 1985.

Reginald B. Bishop, Bishop & Schwebel, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael B. Murphy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Count I, Robbery and Count II, Criminal Deviate Conduct. The court sentenced appellant to twenty (20) years on Count I and fifty (50) years on Count II, the sentences to run consecutively.

The facts are: Appellant entered a savings and loan located in Indianapolis shortly before 2:00 P.M. At that time there were two female employees in the building, a teller and the manager. Appellant brandished a gun and demanded "all of the big bills." The teller placed the money on the counter. Appellant then forced the women into a back room. He ordered them to undress. He then forced the teller to perform an act of oral sodomy. After warn-

ing the women not to leave, appellant fled the room. A customer entered the institution at 2:00 P.M. He testified that he saw no one in the main area of the savings and loan at that time. He also stated he saw no one enter or exit the building. While the customer was in the main area, the manager emerged from the back room. They both testified the money was no longer on the counter.

■ Appellant first argues the State failed to produce sufficient evidence to show an actual taking of property. He contends the only evidence shows the money was placed on the counter. No witness testified that they saw appellant touch or remove the money. He argues the fact the money was missing was only evidence which created a suspicion of his guilt. He cites cases which have held mere suspicion is not sufficient evidence.

Upon a review for sufficient evidence, this Court will neither reweigh the evidence nor judge the credibility of witnesses. *Ashford v. State* (1984), Ind., 464 N.E.2d 1298. As to the taking of property element of robbery, the State relied upon circumstantial evidence which supported the inference that appellant took the money. Elements of a crime may be shown by circumstantial evidence and the logical inference drawn therefrom. *Warner v. State* (1983), Ind., 455 N.E.2d 355. Where the evidence is circumstantial, it is not necessary for an appellate court to find that every reasonable hypothesis of innocence has been overcome. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647. When the evidence of guilt is circumstantial, we consider whether reasonable minds could reach the inference drawn by the trier of fact. If we find the inferences supporting guilt can be reasonably drawn, then there is sufficient evidence to support the conviction. *Redd v. State* (1984), Ind., 461 N.E.2d 1124.

The evidence presented by the State demonstrates appellant entered the institution with a gun and demanded money. This money was placed in plain view on a counter. He then caused all persons in the savings and loan to enter a back room.

Appellant left a few minutes later. A customer arrived shortly after appellant's exit. This witness saw no one in the customer area nor did he see anyone enter or exit the building. An examination conducted within minutes of appellant's departure revealed the money was missing from the counter.

Appellant offers by way of explanation the possibility that an unknown third party entered the building while the women were in the back room. He theorizes this third person saw the money and fled prior to the customer's arrival on the scene. While other inferences may exist which support appellant's position, the State was not obligated to refute each possible inference. We find a jury could reasonably have inferred appellant took the money as he exited the building.

■ Appellant maintains the court committed reversible error when it refused to give his tendered jury instruction # 1. The instruction dealt with several factors the jurors should consider as they weighed and evaluated the testimony of the teller who provided the in-court identification. The court provided its own instruction on the topic.

It is not reversible error to refuse a tendered instruction when its substance is adequately covered by another. *Mack v. State* (1983), Ind., 457 N.E.2d 200. While appellant's instruction contained more factors for consideration, we believe the court's instruction did adequately cover the substance of the tendered instruction. We thus find no error in refusing to give appellant's instruction.

■ Appellant avers the court erred when it permitted State's witness, A.H., to testify concerning an unrelated robbery and sodomy incident which occurred several weeks before this incident. A.H. worked as an attendant at a gasoline station one-half block from the savings and loan. She testified appellant entered the gasoline station with a gun and demanded money. After taking the money from the cash drawer he forced her into a back room. There he compelled her to remove most of her

clothes. He then forced her to commit an act of oral sodomy. During the first weeks after the incident, A.H. reviewed hundreds of photographs provided by the police. Appellant's picture was not among these. A.H. was not able to identify any of the men as her assailant. After the incident in the case at bar, the police obtained a photograph of appellant and A.H. identified appellant. She also provided an in-court identification. At the time of this trial appellant had not been formally charged in the incident involving A.H.

Appellant provides a three-fold attack on the admission of A.H.'s testimony. He contends that as a general rule evidence of unrelated and independent criminal activity is inadmissible. He also argues that if this evidence fits within one of the exceptions to the general rule it is still inadmissible as the probative value of the evidence is outweighed by its prejudicial nature. He suggests the court compounded the error by instructing the jury on the value to be given this testimony.

In *Malone v. State* (1982), Ind., 441 N.E.2d 1339, this Court first discussed the nature of the general rule precluding the admission of evidence of unrelated and independent criminal activity. The opinion also discussed the rationale behind this rule. We did note, however, that exceptions to the general rule had developed.

"Despite the continued vitality of the general rule, there are certain exceptions to and limitations upon it. Evidence of other criminal activity may be admissible in certain cases to prove an accused's identity, knowledge, intent or motive, or to demonstrate the common plan or scheme of criminal activity from which the accused originated the charged crime. (Citations omitted.) To be admissible according to any one of these exceptions, however, the evidence must possess substantial probative value. The test for admission is whether or not the evidence is so specifically and significantly related to the charged crime in time, place and circumstances as to be logically relevant to one of the particular ex-

cepted purposes. (Citations omitted.) For instance, evidence of other criminal activity is commonly allowed to prove the identification of an accused according to the common plan or scheme exception. (Citations omitted.) The operative rationale is that if an accused is known to have committed a crime in a particularly distinct way, then that accused can probatively be considered as having committed another similar crime if the similar crime was also committed in the same particularly distinct way. In ruling upon the propriety of admitting evidence of other criminal activity according to the common plan exception, this Court requires a strong showing that the different criminal actions were so similarly conducted that the method of conduct can be considered akin to the accused's 'signature.' " (Citation omitted.) *Id.* at 1346.

We find the similarities between the attack on A.H. and that in the case at bar do satisfy the strong requirements for establishment of a common scheme or plan. We agree with the State that the nature of A.H.'s testimony goes to the heart of the controversy and thus its probative value does outweigh its prejudicial nature. Lastly, the court's instruction concerning the weight to be given this testimony was a limiting instruction. The court indicated the testimony of A.H. was admitted only for the limited purpose of showing identification and common scheme or plan. We find no error in the giving of this proper instruction.

The trial court is in all things affirmed.

All Justices concur except HUNTER, J., not participating.