## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 07 2015, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Raymond Stewart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 7, 2015

Court of Appeals Case No.
49A02-1410-CR-759

Appeal from the Marion Superior Court.
The Honorable Christine Klineman, Commissioner.
Cause No. 49G05-1405-FA-22368

**Baker, Judge.**

[1] Raymond Stewart appeals his conviction for Robbery,[1] a Class A felony. Stewart argues that the evidence presented was insufficient to find him guilty beyond a reasonable doubt. Finding the evidence sufficient, we affirm.

# Facts

[2] On April 12, 2014, Ricky Hamiter entered the Community Spirit Liquor Store in Indianapolis around 8.00 p.m. Hamiter is a disabled, fifty-seven-year-old man. After entering the store, Hamiter was confronted by Stewart. Hamiter recognized Stewart. Years earlier, Hamiter had been Stewart's school bus driver and they now live in the same neighborhood. Stewart asked Hamiter if he could "borrow a dollar real quick." Tr. p. 28; State's Ex. 1, 10:16:40. Hamiter denied Stewart's request. Stewart continued to request the money and said that he was "gonna take [Hamiter's] mother fuckin' dollar." State's Ex. 1, 10:16:51. Stewart also said that he was going to "pick [Hamiter's] mother fucking pocket." *Id*. at 10:17:16.

[3] Hamiter tried to retreat from Stewart and attempted to leave the store. Stewart then grabbed Hamiter and pushed him up against a wall. Stewart shouted that he was "gonna fuck [Hamiter] up boy." *Id*. at 10:17:25. He also yelled that he was going to "beat the fuck out of [Hamiter]." *Id*. at 10:17:48. Stewart then repeatedly smashed Hamiter's head against the wall until Hamiter collapsed.

---

[1] Ind. Code § 35-42-5-1.

Stewart crouched over Hamiter and moved his hands around Hamiter's pockets. Stewart was yelling for Hamiter to "[g]imme that motherfuckin' dollar," *id.* at 10:18:20, and that he would "beat mother fuckers up." *Id.* at 10:18:46. Stewart then exited the store.

[4] As a result of the attack, Hamiter lost consciousness. On regaining consciousness, Hamiter left the store and unsuccessfully tried to call 911. Hamiter was missing thirty-three dollars; his driver's license; a gold onyx earring; and the earring's post. Hamiter eventually contacted law enforcement, and two police officers came to Hamiter's house. He told the officers that he had been assaulted. The next day, Hamiter called the liquor store to retrieve his missing money and any items he may have purchased. A store employee informed him that he had not made any purchases and that his property was not at the store. Two days after the attack, Hamiter again called 911 and reported that he had been assaulted and robbed. This report led to Stewart's arrest. Hamiter's missing property was not found.

[5] The State charged Stewart with robbery, a class A felony, and later added a count alleging that Stewart was an Habitual Offender.[2] On September 25, 2014, Stewart was tried before a jury for the robbery charge, but submitted the habitual offender charge to the trial court. The jury was presented with the video footage and the audio recording of the attack. Additionally, Hamiter

---

[2] Ind. Code § 35-50-2-8.

testified. The jury found Stewart guilty of robbery, and the trial court found that Stewart was an habitual offender. Stewart was sentenced to thirty years for robbery, and that sentence was enhanced by another thirty years for the habitual offender adjudication. Five years of the term were suspended by the trial court. The court also ordered one year of non-reporting probation. Stewart now appeals.

## Discussion and Decision

In reviewing the sufficiency of the evidence, this Court examines only "the probative evidence and reasonable inferences that support the verdict." *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal quotation omitted). "[W]e consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* We do not "reweigh the evidence to determine if it was sufficient to support a conviction," nor do we assess witness credibility. *Id.*

Stewart contends that the State did not establish beyond a reasonable doubt that he robbed Hamiter. Specifically, Stewart argues that the following facts negate his conviction: that the video does not show Stewart going through Hamiter's pockets and taking the property; that it is possible that Hamiter's property went missing another way; that Hamiter did not testify at trial that Stewart took the property; and, that Hamiter did not report the property missing until two days after the attack.

[8] To prove robbery beyond a reasonable doubt, the State must prove that Stewart "knowingly or intentionally" took property from Hamiter by use or threat of force, and that, in the process, Hamiter sustained serious bodily injury. Ind. Code § 35-42-5-1.[3] "Elements of a crime may be shown by circumstantial evidence and the logical inference drawn therefrom." *Jones v. State*, 479 N.E.2d 44, 45 (Ind. 1985) (upholding robbery conviction where evidence that defendant took money was solely circumstantial - trial); *Nunley v. State*, 995 N.E.2d 718, 722 (Ind. Ct App. 2013) (same), *clarified on reh'g on other grounds*, *trans. denied*.

[9] Here, the evidence showed that Stewart asked Hamiter for money; that Hamiter refused to give the money; that Stewart pushed Hamiter against a wall; that Stewart repeatedly smashed Hamiter's head against the wall; that Hamiter fell to the ground; that Stewart crouched over Hamiter; that Stewart's hands moved around Hamiter's pockets; that Stewart said he was "gonna take [Hamiter's] mother fuckin' dollar," State's Ex. 1, 10:16:51; that Stewart said he was going to "pick [Hamiter's] mother fucking pocket," *id*. at 10:16:51; that Stewart also said that Hamiter should "[g]imme that motherfuckin' dollar," *id*. at 10:17:16; and, that, after the attack, Hamiter was missing thirty-three dollars, his driver's license, a gold onyx earring, and the earring's post.

[10] As in *Nunley*, no one saw Stewart take the property. As in *Jones*, it is possible that Hamiter's property could have been taken by a third party. However, like

---

[3] This is the language from the statute that was in place at the time Stewart committed the offense. It has since been amended, with an effective date of July, 1, 2014.

*Nunley* and *Jones*, the circumstantial evidence and the logical inferences that may be drawn therefrom were sufficient for reasonable minds to have reached the conclusion drawn by the jury—that Stewart was guilty of robbery beyond a reasonable doubt.

[11] Finally, Hamiter's failure to directly testify that Stewart took the property does not undercut the sufficiency of the evidence. Hamiter was unconscious at the time of the robbery, and an audio and video recording of the attack was played to the jury. Similarly, Hamiter's failure to directly report missing property until two days after the attack does not undermine the evidence supporting the conviction. These arguments amount to a request that we reweigh the evidence and assess witness credibility—a request we decline. We conclude that sufficient evidence supports Stewart's conviction.

[12] The judgment of the trial court is affirmed.

Najam, J., and Friedlander, J., concur.