**William L. WILSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1282S466.

Supreme Court of Indiana.

Oct. 18, 1984.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant William L. Wilson was found guilty by a jury of the murder, Ind.Code § 35–42–1–1(1) (Burns 1979 Repl.), of Donald Ray Robinson and was sentenced to serve a fifty year term of imprisonment. He appeals from the judgment claiming that there was insufficient evidence to support the jury's verdict and that he was denied his constitutional right to the effective assistance of counsel.

■ Appellant initially contends that the guilty verdict was not supported by sufficient evidence. In reviewing such claims, we will neither weigh the evidence nor resolve questions of credibility but will look only to the evidence and the reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. If from that viewpoint there was evidence of probative value from which a trier of fact could conclude

that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890; *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

The facts most favorable to the verdict show that appellant, his fiancée, Mickey Martin, and Mickey's brother, Jesse Martin, went to Donald Robinson's apartment around noon on Sunday, January 24, 1982, to attempt to retrieve property they believed Robinson had stolen from the home of Mickey Martin. Regina Robinson, the victim's sister, Anne Reed and Willie Young were present in the apartment and witnessed the ensuing events. Appellant argued with Donald Robinson as Robinson sat at his kitchen table and ate a sandwich. Claiming he did not have the property appellant demanded, Robinson stood and began walking down a hallway away from appellant. Appellant then pulled a gun from his pocket and shot and killed Robinson.

Appellant argues that there was insufficient evidence presented that he acted with the specific intent to kill. A person who knowingly or intentionally kills another human being commits murder. Ind.Code § 35–42–1–1 (Burns 1979 Repl.). The information here charged appellant with a "knowing" killing. A person acts " 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code § 35–41–2–2 (Burns 1979 Repl.).

■ Appellant claims that "as a result of the high emotion displayed in the argument between the defendant and the victim, there are mediating circumstances which support the assertion that the defendant did not knowingly or intentionally kill another human being." However, two of the eyewitnesses testified that the appellant was "cool" and that the two men spoke in normal conversational tones. The evidence here showed that appellant pulled a gun from his pocket and shot an unarmed man in front of several witnesses as the victim walked away from him following an argu-

ment. There was substantial probative evidence from which the jury could have concluded beyond a reasonable doubt that appellant knowingly killed Donald Robinson.

■ Appellant also argues that he was denied his constitutional right to the effective assistance of counsel. The State called all of the eyewitnesses to testify at appellant's trial except for one who was apparently unavailable. Defense counsel cross-examined each of these witnesses and all others called by the State, but rested after the conclusion of the State's case in chief without presenting any evidence on behalf of appellant. Appellant points to his attorney's failure to call any of the witnesses he claims to have requested as error that prejudiced his defense. He presents us, however, with no indication as to what these unidentified witnesses would have testified or how his case was prejudiced by the failure to call any witnesses or any particular witness. *See, Kerns v. State,* (1976) 265 Ind. 39, 349 N.E.2d 701.

We have recently said that in reviewing a claim of incompetency of counsel, we will follow the guidelines set forth in *Strickland v. Washington,* (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Elliott v. State,* (1984) Ind. 465 N.E.2d 707. In *Strickland,* the United States Supreme Court stated, "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." — U.S. at —, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. We cannot say that defense counsel's action in not calling any witnesses on behalf of appellant was unreasonable where we are not aware of the content of their testimony or the prejudice resulting from their failure to testify and where three eyewitnesses testified that appellant shot the victim. Appellant's claim that he was denied the effective assistance of counsel is not sustained.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.