STATE of Indiana, Appellant,

v.

Michael A. HOLLON, Appellee.

No. 785S286.

Supreme Court of Indiana.

June 23, 1986.

Rehearing Denied Aug. 14, 1986.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Charles A. Asher, Lysohir, Singer & Asher, South Bend, for appellee.

PIVARNIK, Justice.

Defendant-Appellee Michael A. Hollon was convicted by a jury in the St. Joseph Superior Court of second degree murder and was sentenced to life imprisonment. His conviction was affirmed on direct appeal to this Court. *Hollon v. State* (1980) 272 Ind. 439, 398 N.E.2d 1273. Defendant subsequently filed a Petition for Post-Conviction Relief, and on March 11, 1985, the post-conviction court granted said petition and ordered that Defendant receive a new trial. The State now appeals the trial court's grant of post-conviction relief and raises the following issues:

1. the post-conviction court erred in not finding Defendant's claim of error regarding admission of statements was barred by the defense of waiver;

2. the post-conviction court erred in finding the admission of Defendant's statements was fundamental error and necessitated a new trial; and

3. the post-conviction court misplaced the burden of proof in a post-conviction proceeding.

It is helpful to reexamine the facts of this case for purposes of this review. Susan Turner was killed by strangulation dur-

ing the early morning hours of July 5, 1977, at her residence in South Bend. The evidence showed Defendant had had a relationship with Mrs. Turner and had been observed by witnesses heading toward the door of her residence at least twice in the late evening of July 4, 1977, and early morning of July 5, 1977. The police later found latent fingerprints of the defendant next to a hole in the kitchen wall of decedent's residence. Defendant was picked up by the police and taken to the station for questioning on July 5, and July 7, 1977. It is conceded the police did not have probable cause to arrest Defendant either time, and on each occasion he was released after questioning. On both occasions he denied any implication in the death of the decedent, and gave the police facts about his whereabouts and activities on the night of July 4. On August 1, Defendant was lawfully arrested on another, unrelated charge and was in police custody when he confessed that he had assaulted the decedent on the night in question. Appellant's defenses at trial were a general denial and a plea of insanity. The August 1 statement was put into evidence by the State without objection or motion to suppress by the defense. Statements made to the police on July 5 and 7, concerning Defendant's activities on July 4, were also put into evidence by the State to impeach Defendant's plea of insanity. In his direct appeal, Defendant raised no question about the admissibility of any of the statements, except the one on August 1, and in that regard he claimed only that he was denied effective assistance of counsel because his attorney failed to move to suppress that statement. In affirming his conviction, this Court found:

"Defendant does not set out why this statement should not have been admitted into evidence. At the time of the statement, Defendant was in lawful police custody and he was advised of his rights."

*Hollon v. State* (1980), 272 Ind. 439, 446, 398 N.E.2d 1273, 1278. The post-conviction relief court set aside Defendant's conviction on the ground that the statements of July 5 and July 7 were taken while Defend-

ant was in police custody without probable cause and that they were therefore inadmissible. The court found these two statements denied guilt but gave evidence of Michael Hollon's movements, plans, moods, and state of mind. It further found the August 1 statement, given during legal detention, admitted guilt for all practical purposes. The court then found that, based on the holdings of *Dunaway v. New York* (1979) 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824, and *Dunaway v. State*, (1982), Ind., 440 N.E.2d 682, the July 5 and July 7 statements were not admissible. It further found this error was not known or available to Defendant at trial since *Dunaway* was decided after his trial. The court's finding, basically, was that Defendant did not know this defense was available at his trial in 1978 and therefore could not have waived or raised it in his original appeal. *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, 1263, *reh.* denied (1985). The post-conviction court's reasoning was based on the fact that the primary defense at trial was insanity, and that the State, in the post-conviction action, failed to demonstrate beyond a reasonable doubt that the July 5 and July 7 statements were harmless as they related to the insanity defense. He made no finding as to the relationship of the August 1 statement to the previous ones, finding it unnecessary to do so.

The State contended at the post-conviction action, and continues to contend here, that the defense provided in *Dunaway* was well known and available to Defendant at and during his trial in 1978 and his subsequent appeal to this Court in 1980, and Defendant failed to raise it either at trial or in his original appeal, where he claimed error in regard to the admission of his August 1 statement. We agree with the State's contentions in this regard.

■ In a post-conviction proceeding, the burden of proof is upon the petitioner to establish his grounds for relief by a preponderance of the evidence. *Dixon v. State* (1984), Ind., 470 N.E.2d 728, 729; *Howard v. State* (1984), Ind., 467 N.E.2d 1, 1–2; *Williams v. State* (1984), Ind., 464

N.E.2d 893, 894, *reh. denied* (1984); Ind.R. P.C. 1(5). Post-conviction relief proceedings are a special quasi-civil remedy whereby a party can present an error, which for various reasons was not available or known at the time of the original trial, on an appeal. *Dixon,* Ind., 470 N.E.2d at 729. Moreover, a post-conviction relief proceeding is not a substitute for trial and appeal, but is a process for raising issues which were unknown or not available at trial. *Gee v. State* (1984), Ind., 471 N.E.2d 1115, 1117; *Ross v. State* (1983), Ind., 456 N.E.2d 420, 421; *Kimble v. State* (1983), Ind., 451 N.E.2d 302, 303. Errors not assigned at the trial level nor argued on direct appeal are deemed waived in the context of post-conviction relief. *Bailey,* Ind., 472 N.E.2d at 1263.

■ At the post-conviction relief proceeding the State claimed Defendant had waived the improper admission of the statements of July 5 and 7, since at the time of their admission it already had been established by the United States Supreme Court and subsequent opinions of this Court that they were inadmissible prior to the holding of *Dunaway v. New York.* Furthermore, *Dunaway* already had been decided when Hollon's conviction was reviewed by this Court in 1980. The United States Supreme Court, on June 6, 1975, decided *Brown v. Illinois* (1975), 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416. Brown had been picked up by the police for questioning without probable cause and without an arrest warrant. After being advised of his *Miranda* rights, he made two inculpatory statements. Brown was indicted for murder and moved to suppress the statements, which motion was denied. The statements were used at trial and Brown was convicted. The Illinois Supreme Court upheld the conviction, despite recognizing the unlawfulness of the arrest, holding the giving of *Miranda* rights, broke the causal connection between the illegal arrest and the statements. The United States Supreme Court reversed, holding it was error to adopt a *per se* rule that giving *Miranda* rights, alone, broke the causal claim, allowing admission of any subsequent statement. The court proceed-

ed to state that the following should be considered in such a case: 1. the temporal proximity of the arrest and the statement; 2. intervening circumstances; and 3. the purpose and flagrancy of the official misconduct. *Id.,* 422 U.S. at 603–604, 95 S.Ct. at 2261–2262, 45 L.Ed.2d at 427.

On July 17, 1976, this Court followed *Brown* in deciding *Williams v. State* (1976) 264 Ind. 664, 348 N.E.2d 623. Williams was arrested without warrant, advised of his *Miranda* rights, and held for eight days without judicial determination of probable cause. He confessed after sixty-eight hours and again after ninety-one hours. The confessions were admitted and Williams was convicted. We reversed, holding that if the arrest was made without probable cause, even if it was voluntary, the confession must be suppressed if it was the product of an illegal detention.

As we have noted in the present case Defendant was tried and convicted in 1978. *Dunaway v. New York* was decided by the United States Supreme Court on June 5, 1979. The police took Dunaway into custody in connection with an attempted robbery and homicide, despite insufficient evidence to obtain an arrest warrant. He was given his *Miranda* rights and was questioned, but was not told that he was under arrest, although he would have been retained had he attempted to leave. Dunaway eventually made statements and sketches incriminating himself in the crime. His motions to suppress the statements and sketches were denied and he was convicted. His conviction was affirmed by the State appellate court, but the United States Supreme Court reversed that conviction, stating this case was "virtually a replica" of *Brown.* In *Dunaway,* the United States Supreme Court again discussed at length its holding in *Brown v. Illinois* and reaffirmed its position that a statement or confession is not admissible if it is the fruit of an illegal arrest or detention. If there is any addition to the law involved in *Dunaway,* it is that the rule applies whether Defendant is held as the result of a formal arrest, or is merely brought in for questioning.

On October 23, 1979, it is notable that the Second Circuit Court of Appeals, in *United States v. Tucker* (2nd Cir.1979) 610 F.2d 1007, 1010, held that *Dunaway* should have retroactive effect specifically because it "does not purport to expand Fourth Amendment protections beyond the contours established in prior cases," and "establishes no new principle of law."

We find no grounds for the trial court's finding that this defense was unknown and not available to Defendant at the time of his trial in 1978 and the subsequent direct appeal to this Court in 1980. Defendant did raise the question of the admissibility of the August 1 statement in his direct appeal, claiming only that counsel was ineffective and that he did not object to its voluntariness. He made no claim nor does he now claim or show that the August 1 statement was in any way a result of the July 5th or 7th detentions, nor did he mention the admissibility of the July 5th or 7th detentions either at trial or in his appeal, even though *Brown v. Illinois* and *Williams v. State* had established that they were inadmissible. Furthermore, the July 5th and 7th statements were not inculpatory; they consisted merely of statements about Defendant's activities and whereabouts on that night. Admittedly, he gave some statements concerning his moods and thoughts on that night which had some relationship to his mental condition. It is notable in this regard that the only issue raised by Defendant in his direct appeal regarding his insanity defense was the refusal of the trial court to give a tendered instruction of his that, in part, would have instructed the jury: "Crimes resulting from brooding and reflection as well as impulse can negate criminal responsibility." In regard to this issue, we found that in our adoption of our test for insanity in *Hill v. State* (1969), 252 Ind. 601, 615, 251 N.E.2d 429, 437, it was noted that, "Crimes resulting from brooding and reflection as well as impulse can negate [criminal] responsibility." In disposing of its significance in Defendant's case, however, we stated:

"The quote was not included as part of the test itself, but rather was included as a proper conclusion a jury could draw from a certain set of facts. Defendant does not point to evidence of 'brooding and reflection' or 'impulse' in the record which would support this portion of his tendered instruction. The trial court did not err in refusing it."

*Hollon,* 272 Ind. at 442, 398 N.E.2d at 1276.

There also was a great deal of testimony at the trial on the subject of Defendant's sanity on July 5, 1977. Three court appointed expert witnesses testified that Defendant was not insane in that he could conform his conduct to the requirements of law. Defendant's expert witness testified to the contrary as did a lay witness familiar with Defendant. On the basis of all these facts and circumstances, we find no merit to Appellant's argument that this issue should be addressed because of its fundamental nature. Defendant did not admit guilt in the two July statements; in fact, he denied any involvement. He made no inculpatory statements such as those in *Brown, Williams, Dunaway,* and *Tucker.* The July statements merely recounted Defendant's actions at the time of the murder. The lawful August statement was inculpatory and was corroborated by other testimony of Defendant's presence in the area and his fingerprints at the scene of the murder in the kitchen of the victim's residence.

The issue upon which the post-conviction court granted relief was available to Defendant at trial and on appeal pursuant to *Brown* and *Williams,* and the trial court erred in finding that *Dunaway* expanded the holding in *Brown* and offered Defendant relief which was not available at trial or on appeal. For these reasons, the post-conviction court's judgment is reversed.

GIVAN, C.J., and DeBRULER and SHEPARD, JJ., concur.

DICKSON, J., dissents without opinion.