Mike RECTOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 37A04–8705–PC–138.

Court of Appeals of Indiana,
First District.[*]

Dec. 15, 1987.

Robert W. Bornholt, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Mike Rector, appeals the Jasper Circuit Court's denial of his petition for post-conviction relief. We reverse and remand this case for proceedings consistent with this opinion.

## STATEMENT OF THE FACTS

On July 7, 1983, following a trial by jury, Rector was sentenced to a total of 14 years imprisonment for conspiracy to deliver marijuana and two counts of delivery of marijuana. On July 8, by different counsel, he filed a motion to correct errors, which was denied on August 22. On April 4, 1984, the Court of Appeals granted Rector's petition to file a belated appeal. This appeal was to be based on Rector's original motion to correct errors. His conviction was affirmed.

In September of 1983, Robert Nesbitt, the deputy prosecutor, visited Rector in prison regarding some information on an unconnected case. During the visit, Nesbitt asked Rector why he had not accepted the plea offer of a three year sentence which the state had made to Rector's original attorney, Ronald Aungst. Rector replied that he was never informed of that offer. During a subsequent phone conver-

---

[*] This case was diverted from the Fourth District of this Court by Order of the Chief Judge.

sation, Nesbitt suggested that Rector might consider pursuing a remedy under the rules for post-conviction relief.

On May 1, 1987, Rector filed a petition for post-conviction relief. The trial court denied his petition on the basis that Rector failed to raise the issue of ineffective assistance of counsel on direct appeal and therefore was precluded from raising the issue in a petition for post-conviction relief.

## ISSUE

Rector presents only one issue for our review:

Did the trial court erroneously conclude that Rector's claim of ineffective assistance of counsel was waived for failure to raise it on direct appeal?

## STANDARD OF REVIEW

■ In a post-conviction proceeding, the petitioner bears the burden of proving grounds for relief by a preponderance of the evidence. *State v. Hollon* (1986), Ind., 494 N.E.2d 280. The judge presiding at the post-conviction hearing possesses exclusive authority to weigh evidence and determine witness credibility. *Metcalf v. State* (1983), Ind., 451 N.E.2d 321. We will not set aside the trial court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *Tessely v. State* (1982), Ind., 432 N.E.2d 1374.

## DISCUSSION AND DECISION

■ Rector contends the trial court erred in concluding that his failure to raise his ineffective assistance of counsel claim on appeal resulted in waiver of that claim. A post-conviction relief proceeding is not a substitute for a direct appeal. Ind. Rules of Procedure, Rule PC 1 § 1(b). Rather, it is a process for raising issues which were unknown or unavailable during the original trial and appeal. *Hollon, supra* at 282. Therefore, issues which were available but not argued on direct appeal are waived. *Riddle v. State* (1986), Ind., 491 N.E.2d 527, 528.

The record indicates that the state made a favorable plea offer to Aungst, Rector's original attorney. Rector proceeded to trial, was convicted and sentenced, and filed an appeal. His conviction was affirmed and he filed a petition for post-conviction relief. At the post-conviction hearing, he testified that he did not learn about the plea offer until September of 1983. By that time, his motion to correct errors had been denied.

The post-conviction court found that assuming arguendo that Rector was unaware of the favorable plea offer when he filed his motion to correct errors, he had six months between the time he first learned of the offer and the time he was granted a belated appeal. Thus, the court concluded that his failure to raise the ineffective assistance issue during that six month time period amounted to waiver.

■ Although a defendant may seek to amend or supplement a motion to correct errors, he may not do so after the expiration of the original sixty day period, *Kroll v. Bell* (1982), Ind.App., 433 N.E.2d 71, 73, or after the court has ruled on the motion. *Matter of Adoption of H.S.* (1985), Ind. App., 483 N.E.2d 777, 779. Any ineffective assistance of counsel issue raised by Rector during his belated appeal would have been waived because the issue was not raised in the motion to correct errors. Ind. Rules of Procedure, Trial Rule 59(D). Thus, the only way Rector's claim could have been heard on direct appeal would have been as fundamental error. Fundamental error, however, must appear plainly on the face of the record. *Rowley v. State* (1982), Ind., 442 N.E.2d 343, 345. Rector's ineffective assistance claim was based on his attorney's failure to communicate to him a favorable plea offer made by the state. As such, it is error which would be presented by affidavit. Because it is not error which appeared on the face of the record, Rector's claim did not amount to fundamental error. The claim therefore was unavailable to Rector on direct appeal. In addition, Rector was precluded from filing a petition for a belated motion for a new trial, Rule PC 2 § 1(a), because a

timely and adequate motion to correct errors had been filed before he discovered his attorney's alleged omission. Therefore, his only recourse was through a post-conviction proceeding.

The post-conviction court made no finding as to whether Rector's attorney actually communicated the offer to Rector. The attorney testified that although he did not specifically remember telling Rector about the offer, it was his practice to communicate offers to all defendants. Rector testified that his attorney never told him about the offer, but that he learned about it in September of 1983 when the prosecutor visited him in prison. Our limited review prevents us from judging witness credibility. Because the trial court did not address the veracity of Rector's statements, we must reverse and remand this case for a determination on the merits of Rector's claim.

Reversed and remanded.

MILLER, P.J., and HOFFMAN, J., concur.