Mike RECTOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 37 A 048705 PC 138.

Court of Appeals of Indiana,
First District.

April 13, 1988.

Robert W. Bornholt, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

---

## OPINION DENYING WRIT IN AID OF APPELLATE JURISDICTION

NEAL, Judge.

On December 15, 1987, the Court of Appeals, by written opinion, published as *Rector v. State* (1987), Ind.App., 516 N.E.2d 93, remanded this case to the trial court for further proceedings. We ordered the following:

> The post-conviction court made no finding as to whether Rector's attorney actually communicated the offer to Rector. The attorney testified that although he did not specifically remember telling Rector about the offer, it was his practice to communicate offers to all defendants. Rector testified that his attorney never told him about the offer, but that he learned about it in September of 1983 when the prosecutor visited him in prison. Our limited review prevents us from judging witness credibility. Because the trial court did not address the veracity of Rector's statements, we must reverse and remand this case for a determination on the merits of Rector's claim.

Rector's counsel subsequently requested that the court set the cause for hearing, but the trial court denied the request. Instead, the court made findings of fact based on the original evidence to the effect that the prosecuting attorney made an oral offer for a plea agreement to Rector's counsel one week prior to trial and that the offer was the final version of several prior offers. Specifically, the court found:

> The testimony of the Defendant, Mike Rector, as it pertains to this one issue is that he first heard of this offer of plea agreement in September of 1983, and that he heard of the same from Deputy Prosecuting Attorney Robert S. Nesbitt. Ronald Aungst, the Defendant's attorney at the time the plea offer was made and also his attorney at the time of the trial, stated he had no specific recollection of this particular incident, but in twenty-one years of practicing law, primarily representing criminal defendants, he had never failed to communicate an offer of plea agreement to his client.

> The Court further finds that the testimony of the Defendant, Mike Rector, that his attorney did not communicate said offer of plea agreement to him as untruthful, and that said Defendant's Motion for Post–Conviction Relief should be overruled and denied for reason that he has failed to carry his burden on the allegation of ineffective assistance of counsel.

> IT IS THEREFORE ORDERED by the Court that the statement of the Defendant, Mike Rector, that the State's offer of plea negotiation wherein he would be sentenced to three (3) years was not communicated to him by his attorney prior to trial is untruthful, that the Defendant has failed to carry his burden of proving ineffective assistance of counsel, and that the Petition for Post–Conviction Relief is hereby overruled and denied.

We conclude that the court has fulfilled the directive contained in the original opinion and that the denial of the post-conviction petition should be affirmed.

MILLER, P.J. and HOFFMAN, J., concur.