**William L. WILSON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 02A04–8912–PC–572.

Court of Appeals of Indiana, Fourth District.

Nov. 27, 1990.

Ordered Published Jan. 16, 1991.

---

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Petitioner–Appellant William L. Wilson (Wilson) appeals the denial of his petition for post-conviction relief.

We affirm.

Wilson raises five issues for our review. We consolidate and restate them as:

 1. whether Wilson received effective assistance of trial and appellate counsel,

 2. whether Wilson was denied due process and due course of law when trial counsel did not withdraw, and

 3. whether Wilson was erroneously given an enhanced sentence.

In 1982, Wilson was found guilty by a jury of the murder of Donald Ray Robinson. He was subsequently sentenced to serve a fifty year term of imprisonment. His conviction was affirmed by our supreme court on appeal. *Wilson v. State* (1984), Ind., 468 N.E.2d 1373. In affirming Wilson's conviction, the supreme court held Wilson received effective assistance of trial counsel.

In 1985, Wilson filed a petition for post-conviction relief. In its answer, the State asserted the issue of ineffective assistance of counsel was barred by *res judicata*. It also contended the other issues raised by the petition were waived because they could have been raised on direct appeal. A hearing was held on Wilson's petition in which evidence pertaining to trial and appellate counsel's performance was presented. The post-conviction court found Wilson's claim of ineffectiveness of trial counsel was barred by *res judicata*. The court also found there was no evidence supporting Wilson's claim of ineffectiveness of trial or appellate counsel. Finally, the court found that all other issues had been waived.[1] Wilson now appeals the denial of his petition.

A post-conviction proceeding is not a substitute for appeal, but is a process for raising issues not known at the time of the original trial and appeal, or for some reason not available to the defendant at that time. *Kimble v. State* (1983), 451 N.E.2d 302. Accordingly, our supreme court held in *Morris v. State* (1984), Ind., 466 N.E.2d 13, 14, that a petitioner is precluded from raising the issue of ineffective assistance of trial counsel in a post-conviction proceeding when the issue has been previously raised on direct appeal. The court so held even though the petitioner had raised several additional examples of trial counsel's alleged ineffectiveness in his post-conviction petition.

In an effort to distinguish the facts of his case from those in *Morris, supra,* Wilson contends he received ineffective assistance of appellate counsel. Specifically,

Wilson contends appellate counsel was ineffective because he did not speak with Wilson concerning the appeal or investigate trial counsel's effectiveness. The post-conviction court found appellate counsel's work was consistent with accepted practice then prevailing. We agree.

Wilson's appeal was based on the trial record. Our examination of the post-conviction record reveals evidence indicating appellate counsel prepared the direct appeal only after a thorough examination of the trial record. Wilson has not shown how consultation with him by appellate counsel would have aided in preparation of his direct appeal. Stated differently, Wilson has failed to establish he was prejudiced by appellate counsel's decision to forego consultation with him.

Wilson contends certain examples of trial counsel's alleged ineffectiveness are not barred by *res judicata* because they were not part of the trial record and were unavailable to the appellant upon direct appeal. Wilson cites to *Osborne v. State* (1985), Ind., 481 N.E.2d 376, and *Rector v. State* (1987), Ind.App., 516 N.E.2d 93, as authority for his contention. In *Osborne,* the petitioner attempted to raise an issue in his post-conviction petition which had previously been raised on direct appeal. Our supreme court held the issue was precluded by *res judicata* since no additional argument was raised by the petitioner in the post-conviction proceeding. In *Rector,* the petitioner was convicted of one count of conspiracy to deliver marijuana and two counts of delivering the drug. After the trial, and during the appellate process, Rector learned from the prosecutor that the State had made a plea offer. After his direct appeal was decided, Rector filed a petition for post-conviction relief in which he asserted ineffective assistance of trial counsel because counsel allegedly failed to communicate the plea offer made by the prosecutor. The post-conviction court denied Rector's petition on the basis Rector failed to raise the issue on direct appeal. On appeal, we held the ineffectiveness claim was unavailable to Rector on direct

---

1. The State chooses to address issues two and three. We do so as well.

appeal because it was error that was not a part of the record. Thus, the issue was not waived.

 We find both *Osborne* and *Rector* instructive. The "additional argument" which can overcome the bar of res-judicata is not the presentation of new examples of ineffectiveness contained in the record. To hold otherwise would be to ignore *Morris, supra.* Certain examples of alleged ineffectiveness from the record were clearly available to the appellant upon direct appeal.[2] "Additional argument" must contemplate the presentation of those examples not contained in the record, and therefore unavailable for direct appellate review.

 Issues unavailable to the appellant upon direct appeal are appropriate issues for determination by the post-conviction court. The State acknowledges certain grounds of ineffectiveness were not available for review in the direct appeal. We will therefore review those examples of alleged ineffectiveness of counsel which were not apparent from the original record, and were presented to, and rejected by, the post-conviction court.

The standard for determining the effective assistance of counsel was established by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in which the court states:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient.

This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

104 S.Ct., at 2064.

 Isolated poor strategy, inexperience or bad tactics will not necessarily amount to ineffective assistance of counsel. *Kirby v. State* (1990), Ind.App., 550 N.E.2d 1343, 1345, *reh. denied.* Error of counsel does not warrant the setting aside of a judgment if the error had no effect on the judgment. *Strickland, supra,* 104 S.Ct. at 2066. The defendant must show there was a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.,* at 2068.

 Wilson contends trial counsel's alleged failure to investigate his diabetic condition as a basis for diminished capacity or "sudden heat" constitutes ineffectiveness. There is evidence in the post-conviction record showing Wilson and trial counsel discussed Wilson's lack of medication on the day of the shooting. Trial counsel noted in his deposition that Wilson showed no

---

2. Wilson contends trial counsel's alleged failure to tender an instruction on voluntary manslaughter and a defense of self-defense constituted fundamental error. We have previously held error must constitute a clearly blatant violation of basic and elementary principles and present substantial harm or potential for harm to be classified as fundamental error. *Reynolds v. State* (1989), Ind.App., 536 N.E.2d 541, 543, *trans. denied.* The record reveals it had been several days since Robinson burglarized Wilson's friend's residence, and, as the supreme court noted, during the discussion about the burglary Wilson was "cool" and "the two men spoke in normal conversational terms." *Wilson,*

*supra,* 468 N.E.2d at 1374. The record is devoid of any indication Wilson acted with "sudden heat." Furthermore, the record reveals even though Wilson's girlfriend was willing, and did, testify that Robinson was going to a back room to get a gun when Wilson shot him, there was no gun found. In order to attempt to establish the tenuous defense, trial counsel would have had to call Wilson to the stand. Trial counsel was understandably reluctant to do so because of the possible revelation of Wilson's prior record. Counsel will not be held deficient for not pursuing a defense which appears contrived or totally unrealistic. *Miller v. State* (1989), Ind., 543 N.E.2d 639, 640.

signs of withdrawal or medical disturbance while he was in jail. From his observation, trial counsel determined there was no need to further investigate a condition which, to him, offered little probability of providing a defense. Our supreme court has held counsel is not deficient if his own observations do not convince him of the existence of a mental disease or defect. *Stephens v. State* (1989), Ind., 541 N.E.2d 280, 282. We do not see how trial counsel is deficient when making a similar observation here. Furthermore, Wilson fails to present any evidence to establish his medical condition. In a similar case, our supreme court held counsel was not ineffective when the defendant did not show an expert opinion in congruence with the defendant's claim was obtainable. *Clay v. State* (1987), Ind., 508 N.E.2d 800, 802.

■ Wilson also contends he was prejudiced by his trial counsel's alleged failure to interview defense witnesses. Wilson's argument completely ignores evidence indicating trial counsel interviewed the witnesses but determined not to put them on the stand because of their questionable character. Trial counsel's determination was a tactical decision, and cannot be viewed as deficient performance. *Kirby, supra.*

■ Wilson contends trial counsel was inebriated at trial. Again, Wilson refers only to his evidence when discussing this issue. He totally ignores deposition evidence wherein trial counsel emphatically denies he was intoxicated on the day of trial. Furthermore, the trial record shows no indication of intoxication of trial counsel. The post-conviction court obviously chose to believe trial counsel. When reviewing the denial of post-conviction relief, we will reverse only when the evidence is without conflict and leads solely to a result different from that reached by the post-conviction court. *Daniels v. State* (1988), Ind., 531 N.E.2d 1173, 1174. The judge presiding over the post-conviction hearing is the sole judge of the weight of the evidence and the credibility of the witnesses. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230, 1231.

■ Wilson further contends his trial counsel failed to prepare for trial. Again, the evidence is conflicting and we will not reverse the post-conviction court. Trial counsel testified he met with Wilson at least seventeen times, spoke with him on the telephone on further occasions, and when plea negotiations broke down, offered to file for a continuance. Trial counsel further testified he complied with Wilson's wish to go to trial, and was prepared to do so.

■ Wilson contends he was denied due process and due course of law when trial counsel did not withdraw after Wilson requested he do so. Wilson further contends he submitted a motion of withdrawal to trial counsel and thought the trial held on June 17, 1982, was a proceeding to formalize the withdrawal. Wilson relies on *Matter of Welke* (1984), Ind., 459 N.E.2d 725, 727–730, and *Kizer v. Davis* (1977), 174 Ind.App. 559, 369 N.E.2d 439, 441, as authority for his contention.

Trial counsel acknowledged receiving Wilson's *pro se* motion for discharge. However, trial counsel stated Wilson withdrew the motion after consultation.

The post-conviction court determined the credibility of the witnesses and believed trial counsel. Its determination is bolstered by the fact Wilson sat through the trial and made no objection to trial counsel's representation. It was within the post-conviction court's discretion to find Wilson's current testimony convenient and self-serving. Wilson's constitutional rights were not violated when trial counsel responsibly chose to discuss the possible consequences of withdrawal at such a late date. Furthermore, neither *Welke* nor *Kizer* applies because both cases concern unequivocable requests for withdrawal.

■ Finally, Wilson contends the trial court committed reversible error when it sentenced him without discussing mitigating factors. Specifically, Wilson contends the court should have considered and discussed his diabetic condition, and his record of steady employment.

A finding of mitigating circumstances is made within the court's discretion. The court has no absolute duty to negate potentially mitigating factors. *Splunge v. State* (1988), Ind., 526 N.E.2d 977, 983, *reh. denied, cert. denied,* 490 U.S. 1110, 109 S.Ct. 3165, 104 L.Ed.2d 1028 (1989). Furthermore, failure to specifically address mitigating circumstances is not error when all of the defendant's alleged mitigating factors are highly disputable in nature, weight, or significance. *Durham v. State* (1987), Ind.App., 510 N.E.2d 202, 206. In sentencing Wilson, the trial judge noted Wilson's six prior felony convictions and general disregard for the rules of society. Wilson fails to show how the factors he now emphasizes mitigate against the sentence he received. The trial court did not err in giving him an enhanced sentence.

Affirmed.

MILLER, P.J., and CHEZEM, J., concur.